IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 02-0003
)
ANDRE ELLIOT JOSEPH, )
    Defendant. )

MEMORANDUM

Gary L. Lancaster,
District Judge.                                  January 30, 2006

This is a criminal action brought by the United States against defendant, Andre Elliot Joseph, for distribution of a controlled substance in violation of 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(A)(iii). Defendant is accused of selling cocaine and heroin to undercover Pennsylvania State Police Officers on two occasions, in March and April of 2001.

On December 5, 2002, defendant filed a motion to determine competency [doc. no. 25] contending that he was incompetent to stand trial. The court granted the motion and on December 19, 2003, pursuant to 18 U.S.C.A. § 4241(d), held a hearing on defendant's competency. Based on the reports and opinions of Drs. Wettstein and McCue, the court found defendant mentally incompetent to stand trial and ordered him committed to the custody of the Attorney General for the purpose of obtaining a report as to defendant's mental state and prognosis [doc. no. 36].

On May 5, 2004, on behalf of the Attorney General, Bill Hedrick, Warden of the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, submitted a Forensic Report and Certificate of Competency to the court. 18 U.S.C.A. § 4241(e). A further competency hearing, which was originally scheduled for June 18, 2004, but postponed at the request of the parties numerous times, was held on January 26, 2006. At that hearing Drs. Wettstein and Goldstein testified. Additionally, five expert reports were admitted into evidence.

Based on the credible evidence introduced at the hearing, the court concluded that defendant is competent to stand trial. The following are the court's reasons for the decision.

After defendant was indicted on the instant charges, he was involved in a car accident. Since the time of that accident, defendant has been examined by numerous doctors. Specifically, the court received into evidence the following expert reports: Dr. Wettstein (two reports) (dated September 25, 2003 and January 5, 2006), Dr. McCue (dated April 28, 2003), Dr. Denney (dated April 21, 2004), and Dr. Goldstein (dated August 31, 2005). All of the doctors agree that defendant suffered a closed head injury as a result of his 2002 car accident. All of the doctors agree that, as a result of this physical injury, defendant suffers from, and will continue

2

to suffer from, memory loss. There is no evidence that defendant is malingering.

Both of the doctors who testified at the hearing agreed that defendant can comprehend the court proceedings, communicate with his attorneys, and assist in his defense. Both doctors identified memory loss as defendant's only mental defect. Both doctors testified that, with accommodations, that defect could be overcome.

We do not find defendant's memory limitations, which apparently include his inability to remember the details of the alleged crimes, to be dispositive of the issue of competency. Although not precedential, the Court of Appeals decision in <u>United States v. Vanasse</u>, 48 Fed.Appx. 30 (3d Cir. 2002) gives us guidance. In that case, much like in this case, Mr. Vanasse suffered head injuries as a result of a car accident that occurred after the alleged crimes. The head injuries caused memory loss such that Mr. Vanasse could not remember the events charged in the indictment, and had difficulty recalling events that took place during trial. After he was convicted he challenged the district court's conclusion that he was competent to stand trial. The Court of Appeals found that the test for competency does not require a "good memory", but only a "memory sufficient to permit a reasonable degree of rational

3

understanding of the proceedings." Id. at 32-33. Because Mr. Vanasse's doctor had testified that he "understood his legal situation," the Court of Appeals found that the district court did not err in finding him competent to stand trial.

Following the submission of a Certificate of Competency, the court must determine whether a

> defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense...

18 U.S.C.A. § 4142(e).

To be competent to stand trial, a defendant must have "a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and must possess "a rational as well as factual understanding of the proceedings against him". Jermyn v. Horn, 266 F.3d 257, 283 (3d Cir. 2001). The government bears the burden to establish, by a preponderance of the evidence, that a defendant is competent to stand trial. United States v. DiGiglio, 538 F.2d 972, 988 (3d Cir. 1976).

The credible evidence offered at the hearing demonstrates that defendant has recovered to such an extent that he is now able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

4

In fact, Dr. Wettstein, who originally deemed defendant incompetent, testified that upon defendant's return from the U.S. Medical Center in Springfield, Missouri, he noticed marked improvement in defendant's understanding of the legal proceedings against him.  Dr. Wettstein also testified that defendant has the ability to learn new information, understand written documents, communicate with people, and recall some events that happened several months in the past.

Accordingly, the court found that the government established, by a preponderance of the evidence, that defendant is competent to stand trial.

BY THE COURT:

_____, J.

cc:   All Counsel of Record